JOHN KARL. DEFENDANT IN ERROR, v. ELVINA F. DIAMOND, PLAINTIFF IN ERROR.

Argued June Term, 1908—Decided November 9, 1908.

The application for, and acceptance of, a rule to show cause why a new trial should not be allowed by one holding a bill of exceptions, is a waiver of all exceptions not expressly reserved.

On error to Passaic Circuit Court.

Before Justices REED, BERGEN and VOORHEES.

For the defendant in error, *Louis A. Cowley.*

For the plaintiff in error, *Lewis A. Allen* and *Andrew Foulds, Jr.*

The opinion of the court was delivered by

BERGEN, J.   This action was brought to recover a debt claimed by the plaintiff to be due to him from the defendant for furnishing materials and labor necessary to "erect and finish the plumbing, tinning, gas and water piping and hot water heating" in a building of the defendant, which debt it was averred in the pleadings was, by virtue of our Mechanics' Lien law, a lien on the building.   The declaration, after setting out the special contract and the common counts, avers in due form that the debt was a lien on the building and lands therein described.   The plea was general issue only.   The record shows that after verdict a rule to show cause why a new trial should not be granted was allowed on the application of the defendant, without the reservation of exceptions taken, and after hearing this rule was discharged.

Section 214 of the Practice act declares that if the party holding a bill of exceptions applies for a rule to show cause why a new trial should not be granted, the granting thereof shall be a waiver of his bill of exceptions except on points expressly reserved in said rule.

On this argument, upon due notice, plaintiff moved to strike out all the assignments of error which were founded upon the bills of exception taken by the defendant.   There can be no doubt of the propriety of this motion, and it should be allowed, because the defendant in applying for and accepting a rule to show cause why a new trial should not be granted is declared by the statute to have waived his bill of exception, and the only assignment based upon the record is that the declaration is not sufficient in law to sustain the action of the plaintiff.   We think that the declaration is sufficient, and plaintiff in error has presented no argument in his brief in support of a contrary view.

The judgment below is affirmed, with costs.